IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KAYLA CORREA,<br><br>Plaintiff,<br><br>vs.<br><br>UMIA INSURANCE, INC.,<br><br>Defendant. | CV 25–60–BU–DLC<br><br><br><br>ORDER |

Before the Court is Defendant's Motion to Preclude Plaintiff's Expert Witness. (Doc. 16.) For the reasons herein, the Motion is GRANTED IN PART and RESERVED IN PART.

The Court's Scheduling Order, issued on October 22, 2025, sets forth various deadlines, including deadlines to disclose experts. (Doc. 13.) Pursuant to the Order, and the Parties' subsequent stipulation, the Parties had to disclose their respective liability experts by April 30, 2026. (Doc. 18-1 at 1–2.) Plaintiff did not disclose a liability expert by April 30, 2026. Instead, she disclosed a Federal Rule of Civil Procedure 26 rebuttal expert witness on May 29, 2026. (Doc. 18 ¶ 3.)

UMIA asks the Court to restrict the testimony of Plaintiff Kayla Correa's retained expert, Alan Blakely, to the rebuttal of opinions that may be stated by UMIA's Marshall Mikelson at trial. (Doc. 17 at 2.) UMIA also moves the Court to

exclude Blakely from testifying in Correa's case in chief. (*Id.*) In response, Correa concedes that Blakely is strictly a rebuttal expert and that he offers only point-by-point rebuttal opinions to those of UMIA's expert, Marshall Mickelson. (Doc. 21 at 3.) Therefore, according to Correa, it is self-evident that Blakely can only rebut the opinions offered by Mickelson at trial.[1] (*Id.* at 3.)

The Court agrees. Blakely may be called as a rebuttal witness, and only a rebuttal witness. The Court reserves for ruling the issue of whether any given opinion by Blakely is truly rebuttal.

Accordingly, IT IS ORDERED that the Motion (Doc. 16) is GRANTED to the extent that Blakely is precluded from offering any opinion that is not rebuttal. The Court will determine the admissibility of any given opinion at the time of trial.

DATED this 27th day of August, 2026.

Dana L. Christensen, District Judge
United States District Court

[1] Correa also contends that UMIA failed to meet-and-confer, as required by Local Rule 26.3(c). (Doc. 21 at 4.) But because this motion is not a discovery motion, a meet-and-confer was not required.